**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL G. THOROGOOD,
          Appellant,

    v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
DC-0752-24-0319-I-1

DATE:  November 25, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael G. Thorogood</u>, Norfolk, Virginia, pro se.

<u>Debra Mosley Evans</u>, Esquire, and <u>Kimberly Karle</u>, Esquire, Portsmouth,
    Virginia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension.  On petition for review, the appellant argues that his position did not require access to classified information, the administrative judge abused his discretion and was biased against him, the agency's security clearance hearing did not follow required agency procedures,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

and the agency refused to timely provide contact information for his union representative. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant alleges that the administrative judge abused his discretion and was biased against him. Petition for Review (PFR) File, Tab 2 at 10-12, 17-20. He bases these allegations on several claims. First, he alleges that he was not permitted to call all his requested witnesses at the hearing. *Id.* at 17-18, 21. He requested six witnesses, but the administrative judge's May 16, 2024 Order and Summary of Prehearing Conference did not approve two of them. Initial Appeal File (IAF), Tab 12 at 3-5. The administrative judge gave the parties 5 days to object to the order. *Id.* at 6. The appellant filed an objection on other issues but did not address the denial of these prospective witnesses. IAF, Tab 13. The Board has held that the failure to timely object to an administrative judge's disallowance of a witness at hearing precludes from doing so on petition for review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). The appellant has provided no information that he made a timely objection.

Second, the appellant alleges that the administrative judge abused his discretion and was biased against him when ruling on the agency's objections during the hearing. PFR File, Tab 2 at 11. The Board's regulation, 5 C.F.R. § 1201.41(b) gives administrative judges broad discretion to conduct fair and impartial hearings. *Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566 ¶ 12 (2010). The appellant alleges that he was not permitted to ask a witness a question about the appellant's job interview for the Logistics Management Specialist position. PFR File, Tab 2 at 11 (citing IAF, Tab 16 at 1:10:12-1:11:09). The administrative judge sustained the agency's objection, which was based on the question's relevance, but informed the appellant that he could ask the witness whether maintaining eligibility to access classified information was a requirement for the position he held in July 2023. IAF, Tab 16 at 1:10:25. Likewise, he alleges that the administrative judge did not permit him to ask another witness to identify the location in the Logistics Management Specialist position description where it lists the requirement to maintain access to classified information. PFR File, Tab 2 at 11 (citing IAF, Tab 16 at 1:56:05). The administrative judge sustained the agency's objection that the question had been asked and answered. IAF, Tab 16 at 1:56:16. The appellant had previously asked the same question and received an answer from the witness. *Id.* at 1:51:41.

Third, the appellant alleges that the administrative judge abused his discretion and was biased against him by not addressing in the initial decision a nonprecedential initial decision that the appellant mentioned during his closing argument and potentially conflicting statements made by a hearing witness on whether the appellant had access to classified information before the indefinite suspension. PFR File, Tab 2 at 11. An administrative judge's decision not to mention all the evidence of record does not mean that he did not consider it. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984) *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Moreover, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's assertions fail to overcome the presumption of honesty and integrity afforded to administrative judges or show such deep-seated favoritism or antagonism to meet the necessary standard set forth above.

Furthermore, administrative judges have broad discretion in regulating the proceedings before them. *Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012). We do not believe that the appellant has proven by preponderant evidence that any of his claims rise to the level of an abuse of discretion. Therefore, we find that these arguments provide no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____
_Gina K. Grippando_
                                             Gina K. Grippando
                                             Clerk of the Board

Washington, D.C.